IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WILLIAM AVERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-1632 |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 2nd day of February, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff argues the Administrative Law Judge ("ALJ") erred for the following reasons: (1) she improperly found Plaintiff's diabetes had improved despite Plaintiff's adverse reaction to treatment and Plaintiff's subsequent treatment coinciding with complaints of peripheral neuropathy in his extremities; (2) she incorrectly assessed Plaintiff's residual functional capacity ("RFC") because she failed to consider all of Plaintiff's impairments in combination per Social Security Ruling 85-28, 1985 WL 56856 (1985) ("SSR 85-28"); and (3) she failed to consider submitted arguments that Plaintiff satisfied the Medical Vocational Guidelines (the "GRIDs"). (Doc. Nos. 15, 23). The Court disagrees for the following reasons.

This Court reviews the ALJ's findings for substantial evidence. *See Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). This Court may not reweigh the evidence or substitute its own findings for the ALJ's findings even when there is evidence in the record to support a "contrary conclusion." *Malloy v. Comm'r*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

The ALJ uses a five-step evaluation to determine disability. 20 CFR § 404.1520(a). Step One requires the ALJ to "consider [the claimant's] work activity" to ensure he or she is not doing "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). At Step Two, the ALJ "consider[s] the medical severity of [the claimant's] impairment(s)." *Id.* § 404.1520(a)(4)(ii). For the inquiry to continue, the ALJ must find that the claimant has at least one "severe medically determinable physical or mental impairment . . . or a combination of impairments[,]" *id.*, that has lasted or is "expected to last for a continuous period of at least 12 months." *Id.* § 404.1509. A claimant's satisfaction of his or her burden of proof at Step Two leads to Step Three where the ALJ asks whether the claimant's impairments meet or equal the criteria for one of the presumptively disabling impairments listed in the regulations (the "Listings"). *See id.* § 404.1520(a)(4)(iii). If a Listing is not met, the inquiry continues to Steps Four and Five, which assess the claimant's residual functional capacity ("RFC") and determine whether claimant can return to past relevant work or proceed with other work. *See id.* § 404.1520(a)(4)(iv)-(v).

Here, the ALJ found at Step One that Plaintiff had not engaged in substantial activity during the relevant period. (R. 20). At Step Two, the ALJ found Plaintiff had the following severe impairments: diabetes, diabetic peripheral neuropathy, degenerative

disc disease, obesity, and restrictive lung disease. (R. 20). At Step Three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a Listing. (R. 22). Then, the ALJ formulated Plaintiff's RFC as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except:
> - He can frequently climb ramps and stairs, but can only occasionally climb ladders, ropes, and scaffolds; and
> - He can tolerate frequent exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dust, gases, and areas of poor ventilation.

(R. 22). Applying this RFC, at Step Four, the ALJ found Plaintiff could perform his past relevant work as a small parts assembler. (R. 25). Accordingly, the ALJ concluded Plaintiff was not disabled during the relevant period. (R. 25-26).

Plaintiff argues that the ALJ erred at Steps Two and Three and incorrectly formulated the RFC, leading to errors at Steps Four and Five. (Doc. No. 15 at 3-6). Specifically, Plaintiff contends that the ALJ erred in assessing his diabetes impairment by noting Plaintiff's "dramatic improvement" on certain medication that Plaintiff could not continue taking due to adverse reactions. (*Id.* at 5). Plaintiff points out that his alternative treatment did not resolve his peripheral neuropathy, which impairs his abilities in his arms, hands, fingers, legs, and feet, and prevents him from sustaining work even at the sedentary level. (*Id.* at 6). Additionally, Plaintiff posits that the ALJ's RFC is incorrect because the ALJ failed to consider all of Plaintiff's impairments in combination per SSR 85-28. (*Id.* at 6). Lastly, Plaintiff notes that the ALJ failed to consider that he meets the GRIDs and that this compels reversal in his case. (*Id.* at 6-8). In support of this, Plaintiff attaches an exhibit containing five pages, four of which are already included within the record and one that is new evidence. (Doc. 15-1; *see* R. 13-14, 190-91).

Naturally, Defendant disagrees. Defendant counters that the ALJ's Step Two, Three, and RFC findings should be affirmed because the ALJ found Plaintiff's diabetes and related peripheral neuropathy were severe impairments and properly evaluated Plaintiff's diabetes under Listing 9.00 and SSR 14-2p, as there is no specific Listing for diabetes. (Doc No. 22 at 8-10). Further, the ALJ considered Plaintiff's diabetes and treatment when formulating the RFC and acknowledged that Plaintiff could not continue the medication that had helped his blood sugar levels improve and that later treatment reflected complaints of occasional peripheral neuropathy. (*Id.*). All of this, Defendant states, was taken into consideration when limiting Plaintiff to light work. (*Id.* at 10-12). Further, Defendant contends that the GRIDs, which apply at Step Five, do not apply to Plaintiff's case as the ALJ found he could return to his past relevant work. (*Id.* at 12).

The Court finds that substantial evidence supports the ALJ's Step Two and Three findings, as the ALJ sufficiently considered Plaintiff's diabetes and treatment and came to logical conclusions. The ALJ found that Plaintiff suffered from several severe impairments, including diabetes and diabetic peripheral neuropathy, and assessed Plaintiff's diabetes under Listing 9.00 and SSR 14-2p, as no specific listing for diabetes exists. (R. 20-22). This Listing analysis included evaluation of Plaintiff's records, showing that Plaintiff had not suffered end organ damage, nephropathy, or retinopathy, and that his peripheral neuropathy did not result in significant and persistent disorganization of motor function in two extremities. (R. 22). Accordingly, the ALJ's Step Two and Three findings are supported by substantial evidence.

The ALJ's RFC determination is also supported by substantial evidence, as the ALJ analyzed the longitudinal history of Plaintiff's diabetes, including previous medication that improved his blood sugar, Plaintiff's adverse reaction to such medication, and Plaintiff's subsequent treatment coinciding with complaints of peripheral neuropathy. (R. 23). The ALJ began by noting that Plaintiff alleged he was unable to work because of symptoms stemming from poorly controlled diabetes. (*Id.*). The ALJ looked to Plaintiff's endocrinology records showing longitudinal treatment history, explaining, "[a]lthough [Plaintiff's] blood sugars had 'improved dramatically' following a medication change, he was ultimately unable to continue this treatment due to an adverse reaction . . . He continued to receive treatment for his diabetes throughout the period at issue, but complained of occasional peripheral neuropathy in his lower extremities[.]" (*Id.*) (internal citations omitted). The ALJ further supported her RFC findings as to Plaintiff's diabetes by noting that Plaintiff's "neuropathy is 'alleviated with gabapentin,' and imaging showed only 'mild degenerative changes . . . in the spine[.]'" (R. 24 (quoting Exs. 8F/16; 23F)). Further, the ALJ noted there was "no evidence of any significant peripheral neuropathy in [Plaintiff's] upper extremities. Thus, the record fails to establish that [Plaintiff] would require a more restrictive residual functional capacity than has been adopted herein." (R. 24). This analysis sufficiently considered Plaintiff's diabetes treatment, complaints of neuropathy, and the record. Accordingly, the ALJ's RFC is supported by substantial evidence.

The Court further finds no merit in Plaintiff's argument that the Plaintiff's RFC "is severely discounted due to the ALJ's failure to consider all the Claimant's impairments in combination as per SSR 85-28." (Doc. No. 15 at 6). The Court notes that SSR 85-28 applies to Step Two of the sequential process as it was published "[t]o clarify the policy for determining when a person's impairment(s) may be found 'not severe' and, thus, the basis for a finding of 'not disabled' in the sequential evaluation of disability[.]" SSR 85-28, 1985 WL 56856, at *1 (Jan. 1, 1985). As Defendant points out, the ALJ concluded that Plaintiff's diabetes and related peripheral neuropathy constituted "severe" impairments as required by SSR 85-28. (Doc. No. 22 at 8). Plaintiff's argument that this social security ruling pertains to the ALJ's RFC analysis seems to be based on a

4

misunderstanding of this ruling.   In any event, the ALJ considered Plaintiff's impairments in combination when assessing the RFC, stating, "the claimant's various impairments have combined to impose only such functional limitations as have been described above [in the RFC]."   (R. 25).   Thus, Plaintiff's argument is without merit.

As to Plaintiff's argument that the GRIDs merit reversal in this case, the Court finds such argument unconvincing.   The GRIDs "are a matrix combining various permutations of the four essential factors [RFC, age, education, and work experience]" of the step-five determination.   *Podedworny v. Harris*, 745 F.2d 210, 216 (3d Cir. 1984).   As Defendant notes, when an ALJ reasonably concludes that a claimant can return to his past relevant work, like in this case, then the GRIDs do not apply.   (R. 25).   The ALJ therefore was not required to consult the light grid rules.   20 CFR pt. 404, subpt. P, app. 2, section 200.00(a).

The Court notes that Plaintiff attached a number of documents to his opening Brief and asserts that these were submitted to Appeals Council and show that the transcript is inaccurate and incomplete.   (Doc. Nos. 15 at 7; 15-1).   In the Third Circuit, new evidence presented by a claimant to Appeals Council, but not reviewed, is not within the purview of a district court when judging whether substantial evidence supports the ALJ's determination.   *Matthews v. Apfel*, 239 F.3d 589, 594-95 (3d Cir. 2001).   It appears that four of exhibit's pages are within the record and make up medical evidence of record and new arguments presented to Appeals Council for review of the hearing decision.   (*See* Doc. No. 15-1 at 3-6; R. 13-14, 190-91).   As for the one document within this exhibit that is not in the record, it constitutes new evidence.   (Doc. No. 15-1 at 2).   This evidence is not material in that it displays only tracking information and receipt of submission of documents to Appeals Council on August 26, 2022.   (*Id.*).   Accordingly, no ground necessitates remand pursuant to sentence six of Section 405(g).

Lastly, in the event Plaintiff is arguing that the ALJ should have ordered a consultative examination, the Court finds no merit in this argument.   (Doc. No. 15 at 5). While an ALJ may order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is generally not required to do so.   *See* 20 C.F.R. §§ 404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002).   The decision whether to order such an examination is "within the sound discretion of the ALJ," *Thompson*, 45 Fed. Appx. at 149, and "should be firmly rooted in an assessment of the evidence as a whole." *Woodman v. Berryhill*, No. 17-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018).   Plaintiff states in a conclusory manner that the ALJ should have ordered a consultative exam seemingly in regard to the perceived inconsistency within the record relating to Plaintiff's diabetes and treatment.   (Doc. No. 15 at 5).   For the reasons explained above, no such inconsistency exists, and, in any event, the Court defers to the ALJ's discretion in this instance.

For these reasons, the Court affirms the decision of the ALJ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED.

        s/Alan N. Bloch
        United States District Judge

ecf:	Counsel of record